IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HECTOR JESUS RUEDA, | § | |
| RAUL RUEDA, and | § | |
| JORGE ALBERTO CHAVEZ, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:18-cv-1325 |
| | § | |
| A. OLIVAREZ HARVESTING, L.L.C., | § | |
| AUGUSTIN OLIVAREZ, and | § | Collective Action Complaint – FLSA |
| FRIO COUNTY PARTNERS INC. | § | Complaint – Class Action |
| d/b/a JACK'S PRODUCE, | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I. INTRODUCTION

1. Plaintiffs are Mexican nationals and former guestworkers who were recruited and employed as laborers by Defendants A. Olivarez Harvesting, L.L.C, Augustin Olivarez, and Frio County Partners Inc. d/b/a Jack's Produce (collectively referred to as "Defendants") through the H-2A and H-2B temporary foreign worker visa program. Defendants required Plaintiffs to work numerous uncompensated hours each workweek, paid Plaintiffs less than they were promised, and made illegal deductions further reducing their pay. Plaintiffs regularly worked more than 40 hours per week and Defendants failed to accurately record their hours worked. As a result, Defendants paid Plaintiffs less than the required overtime wages and less than the prevailing wage rate promised to them in contracts made pursuant to the H-2A and H-2B guestworker programs. Plaintiffs bring this action on behalf of themselves and all other similarly-situated persons to recover damages for Defendants' violations of their, and all other similarly situated persons', rights under the Fair Labor

Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), and the Texas law of breach of contract.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) for the claims brought under the FLSA and the AWPA, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

3. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This Court has personal jurisdiction over Defendants because each Defendant has sufficient contacts with this forum to give this Court general jurisdiction over each Defendant.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2).

## III. PARTIES

6. Plaintiff Hector Jesus Rueda is an individual who worked for Defendants as an H-2A and H-2B visa worker primarily in Pearsall, Texas. Plaintiff Hector Jesus Rueda has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

7. Plaintiff Raul Rueda is an individual who worked for Defendants as an H-2A and H-2B visa worker primarily in Pearsall, Texas. Plaintiff Raul Rueda has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

8. Plaintiff Jorge Alberto Chavez is an individual who worked for Defendants as an H-2A visa worker primarily in Pearsall, Texas. Plaintiff Jorge Alberto Chavez has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

9. Defendant A. Olivarez Harvesting, L.L.C., is a domestic company formed and existing under the laws of the State of Texas and whose principal place of business is 3424 Business

Interstate 35E, Pearsall, Texas, 78061. Defendant A. Olivarez Harvesting, L.L.C., may be served with process by its registered agent, Augustin Olivarez, at 211 West Fannin, Uvalde, Texas, 78801.

10. Defendant Augustin Olivarez in an individual who is the owner of A. Olivarez Harvesting, L.L.C. He may be served via personal service at his residence, 211 West Fannin, Uvalde, Texas, 78801.

11. Defendant Frio County Partners Inc., d/b/a Jack's Produce (hereinafter "Jack's Produce"), is a domestic for-profit corporation formed and existing under the laws of the State of Texas and whose principal place of business is 3424 Business Interstate 35 E, Pearsall, Texas, 78061. Defendant Jack's Produce may be served with process by its registered agent, Vincent R. Chiodo, at 3424 Business Interstate 35 E, Pearsall, Texas, 78061.

## IV. FACTS

12. Defendant A. Olivarez Harvesting, L.L.C., specializes in harvesting, packaging, and shipping produce, including green beans, cabbage, and sweet corn, so that it may be transported quickly to retail outlets. Its main office is located at 3424 Business Interstate 35 E, Pearsall, Texas, 78061.

13. Defendant Augustin Olivarez is the President and owner of A. Olivarez Harvesting, L.L.C. Defendant Olivarez was directly involved in setting the wage and hour policies that are complained of herein.

14. Defendant Jack's Produce is a produce wholesaler, with its main office located at 3424 Business Interstate 35 E, Pearsall, Texas, 78061.

15. Defendants Augustin Olivarez and A. Olivarez Harvesting, L.L.C., contract with Defendant Jack's Produce to provide labor in order to pack produce, including green beans, cabbage, and sweet corn, for distribution.

16. Upon information and belief, Defendant Jack's Produce distributes produce that it grows on its own farms as well as produce grown by other local farmers.

17. At all times relevant to this action, Defendants acted as employers of Plaintiffs and similarly situated workers for purposes of the FLSA. 29 U.S.C. § 203(g) and the common law.

18. From 2013 through 2016, Defendants also acted as agricultural employers of Plaintiffs and similarly situated workers for purposes of AWPA. 29 U.S.C. § 1802(2).

19. Plaintiffs are citizens of Mexico. During the periods of time relevant to this action, Plaintiffs were admitted into the United States under the H-2A and/or H-2B temporary foreign worker visa programs administered by the U.S. Department of Labor ("DOL") pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a)-(b).

### a.   Participation in H-2B Temporary Foreign Worker Visa Program

20. Defendants jointly employed Plaintiffs and other packers and packagers under the H-2B program to perform manual labor as packers and packagers for Defendants' businesses in each year between 2013 and 2016.

21. Defendant A. Olivarez Harvesting, L.L.C., has repeatedly petitioned the Department of Homeland Security ("DHS") for permission to import foreign workers to perform packing and packaging services for Defendant Jack's Produce using H-2B temporary work visas.

22. By regulation, DHS requires a petition for H-2B visas to be accompanied by a temporary labor certification from DOL. To obtain such a certification, an employer must request a determination from DOL of the prevailing wage applicable to the employer's job openings and the area of employment. The employer must then engage in specific efforts to recruit U.S. workers at no less than the prevailing wage. If the recruitment efforts do not produce sufficient U.S. workers to fill all of the employer's job openings, the employer may submit a temporary labor certification

application to DOL on Form 9142. The application contains the terms and conditions of work that the employer is offering to the foreign workers it seeks to hire. The terms must be no less favorable than the terms offered to U.S. workers and must include a promise to pay no less than the prevailing wage set by DOL for all hours of work.

23. If DOL determines that U.S. workers are not available to fill the employer's job openings, and that the terms and conditions of work offered to foreign workers in the labor certification application will not adversely affect the wages and working conditions of similarly employed U.S. workers, DOL approves the labor certification application. At that point the employer may petition DHS for H-2B visas.

24. In each of the years from 2013 to 2016, Defendant A. Olivarez Harvesting, L.L.C., obtained a prevailing wage determination from DOL for positions including packers, packagers, and farm workers, and recruited and hired U.S. workers to work for Defendant Jack's Produce in those positions.

25. Because an insufficient number of U.S. workers applied for and accepted Defendant A. Olivarez Harvesting, L.L.C.'s, jobs, Defendant A. Olivarez Harvesting, L.L.C., filed labor certification applications on Form 9142B in each of the years from 2013 to 2016 so that it could hire employees through the H-2B program to work for Defendant Jack's Produce.

26. In each year between 2013 and 2016, Defendant A. Olivarez Harvesting, L.L.C., used the approved H-2B visas to hire approximately 40 H-2B workers to work for Defendant Jack's Produce.

27. In order to recruit and employ workers for the H-2B visa positions, Defendants recruited workers in Mexico and provided transportation from Mexico to Texas.

28. Defendants recruited, hired, and employed Plaintiff Hector Jesus Rueda as an H-2B guestworker in 2013, 2014, 2015, and 2016.

29. Defendants recruited, hired, and employed Plaintiff Raul Rueda as an H-2B guestworker in 2014, 2015, and 2016.

30. During the years Plaintiffs and Class Members were employed through the H-2B program, Plaintiffs and other packers and packagers were covered by AWPA as "migrant agricultural workers" engaged in agricultural employment including the packing and packaging of agricultural commodities, such as green beans and cabbage, prior to its delivery for storage in its unmanufactured state. 29 U.S.C. § 1821(d).

31. During the years Defendants employed Plaintiffs and other packers and packagers through the H-2B program, Defendants A. Olivarez Harvesting, L.L.C., and Jack's Produce entered into work contracts with the H-2B workers they employed. Those work contracts explicitly and/or by operation of law offered the terms and conditions set forth in the Form 9142B labor certification applications, including the promise to pay at least the required prevailing wage rate based on the work performed by each guestworker.

32. In order to be approved for the H-2B temporary worker visa program, Defendants A. Olivarez Harvesting, L.L.C., and Jacks Produce promised to pay Plaintiffs and other packers and packagers at least the prevailing wage rate certified by DOL for the given year. This promise was incorporated by law into the contracts between Defendants and Plaintiffs and other packers and packagers.

33. Despite these promises, Defendants repeatedly paid Plaintiffs and other packers and packagers at an effective hourly wage rate less than the minimum prevailing wage rates promised to and required for Plaintiffs and other packers and packagers.

34. Defendants provided Plaintiffs and other packers and packagers with paperwork detailing the promised terms and conditions of their employment, which were consistent with the terms and conditions outlined in the labor certification applications. The information regarding work schedules and wage rates provided by Defendants was false and misleading.

35. Defendants A. Olivarez Harvesting, L.L.C., and Jack's Produce breached their employment contracts with Plaintiffs by failing to pay Plaintiffs the promised wage rates for all hours worked for Defendants.

### b. Participation in H-2A Temporary Foreign Worker Visa Program

36. Defendants jointly employed Plaintiffs and other packers and packagers under the H-2A program to perform manual labor as farm workers for Defendants' businesses in each year between 2017 and present.

37. An employer in the United States may sponsor foreign guestworkers to perform agricultural labor on a temporary basis if DOL certifies that (1) there are insufficient available workers within the United States to perform the work, and (2) the employment of foreign guestworkers will not adversely affect the wages or working conditions of similarly situated U.S. workers. *See* 8 U.S.C. § 1188(a)(1)(A), (B); *id.* § 1188(b).

38. In order to obtain an H-2A certification from DOL, an employer must submit an application/job offer to DOL.  The regulations require an employer to offer and provide not less than the minimum terms and conditions of work set forth in the regulations including, but not limited to: (a) transportation and subsistence expenses to and from the worker's home; (b) the prevailing wage, the Adverse Effect Wage Rate ("AEWR"), the agreed-upon collective bargaining wage, or the legal federal or state minimum wage rate, whichever is highest; and (c) coverage by workers' compensation insurance. 20 C.F.R. § 655.102.

39. As a part of the job offer to H-2A workers, employers must also attest that they will abide by the assurances in 20 C.F.R. § 655.105, including a promise to comply with applicable federal, state, and local employment-related laws and regulations.

40. H-2A employers like Defendants must pay their workers the hourly AEWR.

41. The AEWR is calculated yearly by DOL and is generally a minimum hourly wage of between approximately $10.00 to $13.00, depending on the state in which the worker is employed.

42. Defendant A. Olivarez Harvesting, L.L.C., applied for temporary labor certifications to employ foreign workers for the position of "Farm Worker" for each year between 2017 and the present. These temporary labor certification applications identified "A. Olivarez Harvesting, L.L.C.," as the prospective employer of H-2A workers.

43. Defendant A. Olivarez Harvesting, L.L.C.'s, applications for hiring H-2A workers under the job title "Farm Worker" were approved by DOL for periods of time between 2017 and the present.

44. The terms of work set forth in an employer's H-2A job offer are incorporated by regulation and by operation of law into the contracts under which workers are employed. 29 C.F.R. § 501.10(a); 20 C.F.R. § 655.104(q).

45. All of the H-2A applications filed by Defendant A. Olivarez Harvesting, L.L.C., indicated the job to be performed was farm work and offered work terms in compliance with applicable DOL regulations.

46. In reliance on these representations in the job orders, DOL approved Defendant A. Olivarez Harvesting, L.L.C.'s, H-2A applications.

47. In each of the years at issue, Defendant A. Olivarez Harvesting, L.L.C., used the approved visas to hire approximately 40 H-2A workers to work for Defendant Jack's Produce.

48. In order to recruit and employ workers for the H-2A visa positions, Defendant A. Olivarez Harvesting, L.L.C., recruited workers in Mexico and provided transportation from Mexico to Texas.

49. Pursuant to the approved H-2A visa applications, Defendants A. Olivarez Harvesting, L.L.C., and Jack's Produce contracted with Plaintiffs and Class Members to work for Defendants in 2017.

50. Defendants recruited, hired, and employed Plaintiff Hector Jesus Rueda as an H-2A guestworker in 2017.

51. Defendants recruited, hired, and employed Plaintiff Raul Rueda as an H-2A guestworker in 2017.

52. Defendants recruited, hired, and employed Plaintiff Jorge Alberto Chavez as an H-2A guestworker in 2017.

53. During the years Defendants employed Plaintiffs and other packers and packagers through the H-2A program, Plaintiffs and other packers and packagers were "employees" of Defendants within the meaning of the FLSA.

54. Due to the nature of their work for Defendants through the H-2A temporary worker visa program, Plaintiffs and other packers and packagers were entitled to the wage that was the highest of the AEWR, the prevailing hourly wage or piece rate, the agreed-upon collective bargaining wage, or the Federal or State minimum wage. 20 C.F.R. § 655.120(a).

55. Defendants did not pay Plaintiffs and other farm workers the highest of the AEWR, the prevailing hourly or piece rate, an agreed-upon collective bargaining rate, or the Federal or State minimum wage for their work as farm workers.

56. During the years Defendants employed Plaintiffs and other farm workers through the H-2A program, Defendants paid Plaintiffs and other packers and packagers less than they were entitled to as H-2A workers.

### c.  Violations of Federal Wage and Hour Laws

57. At all times relevant to this action, Plaintiffs and other packers and packagers routinely worked more than 40 hours per week for Defendants, and regularly worked up to 70 hours per week for Defendants.

58. Defendants underreported the time Plaintiffs and other packers and packagers worked packing each week.

59. In addition, during normal working hours, Defendants required Plaintiffs and other packers and packagers to be on site and ready to work when a delivery was expected, even if there was no unloading or packaging work to be performed. During these periods, Plaintiffs and other packers and packagers were on duty and unable to use their time effectively for their own purposes. Defendants failed to report this time as time worked.

60. Defendants regularly failed to compensate Plaintiffs and other packers and packagers at all for up to 35 hours each week during which Plaintiffs and other packers and packagers were packing produce and/or "engaged to wait" by Defendants.

61. Due to Defendants' underreporting of hours worked, each week, even in the weeks when Plaintiffs and other packers and packagers worked less than 40 hours, Defendants failed to pay Plaintiffs and other packers and packagers for all hours worked. As a result of Defendants' pay practices, Defendants paid Plaintiffs and other packers and packagers at an effective hourly wage rate less than the hourly wage rate promised on their pay statements, and less than the minimum prevailing wage rates required for all hours Plaintiffs and other packers and packagers worked.

62. Plaintiffs and other packers and packagers were required by Defendants, as a matter of mandate and/or economic necessity, to live in crowded housing provided by Defendants and were dependent on Defendants for transportation. Housing and transportation were furnished primarily for the benefit of Defendants. Defendants illegally deducted unreasonable housing fees from Plaintiffs' and other packers' and packagers' wages that exceeded the actual cost incurred by Defendants in furnishing the lodging.

63. Defendants made illegal deductions from Plaintiffs' and other packers' and packagers' wages to cover the cost of Plaintiffs' and other packers' and packagers' visas and transportation between Mexico and the United States.

64. As a result of Defendants' pay practices, illegal deductions, and failure to compensate Plaintiffs and other packers and packagers for all hours worked, Defendants failed to pay Plaintiffs and other packers and packagers the required time and one-half their regular rate of pay as overtime compensation for all hours worked in excess of 40 hours during each work week.

65. Defendants' pay practices resulted in Plaintiffs and other packers and packagers receiving less than the required prevailing wage rate or AEWR for all hours of work up to 40 in each workweek and less than time and one-half the required prevailing wage rate or AEWR for all hours in excess of 40 in each workweek.

66. In performing their packaging work, Plaintiffs and other packers and packagers handled goods and equipment imported from other countries and states, including bleach, plastic wrap, and cardboard boxes.

67. Each workweek, Plaintiffs' and other packers' and packagers' job duties included the handling of food products to be sold in interstate commerce by Defendants.

68. Defendant A. Olivarez Harvesting, L.L.C., has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, (including, e.g., bleach, plastic wrap, and cardboard boxes), and in that said enterprise has had and has an annual gross volume of sales made or business done in excess of $500,000, and up to $1,000,000, exclusive of excise taxes at the retail level which are separately stated.

69. Defendant Jack's Produce has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce (including, e.g., produce such as sweet corn and cabbage), or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done in excess of $500,000, and up to $10,000,000, exclusive of excise taxes at the retail level which are separately stated.

70. At all times relevant to this action, Defendants jointly controlled and supervised the work performed by Plaintiffs and other packers and packagers.

71. At all times relevant to this action, Plaintiffs and other packers and packagers were employees of each and every one of the Defendants.

72. Plaintiffs and other packers and packagers were entitled to overtime pay for all hours worked over 40 in a workweek. Even during the years Defendants employed Plaintiffs and other packers and packagers as "Farm Workers" through the H-2A program, Plaintiffs and other packers

and packagers were not employed in agriculture as that term is defined in the FLSA, 29 U.S.C. § 203(f), because they packaged and/or packaged produce grown on farms owned or leased by farmers other than Defendant Jack's Produce.

73. At all times relevant to this action, Defendant Augustin Olivarez had operational control over A. Olivarez Harvesting, L.L.C., exercised control over the terms and conditions of employees' work, maintained A. Olivarez Harvesting, L.L.C.'s, employee records, and had the power to act on behalf of A. Olivarez Harvesting, L.L.C., vis-a-vis its employees, including Plaintiffs and other packers and packagers.

74. Defendant Augustin Olivarez developed and enforced the scheme to underpay Plaintiffs, and had the power and exercised the power to establish wage rates and working conditions of Plaintiffs and other packers and packagers, including the decisions to hire, fire, rehire, and discipline employees.

75. At all times relevant to this action, Plaintiffs and other packers and packagers performed work that was an integral part of Defendant Jack's Produce's operation. For example:

   a. Plaintiffs and other packers and packagers performed work on Defendant Jack's Produce's premises in a packing shed owned by Defendant Jack's Produce;

   b. Plaintiffs and other packers' and packagers' work was dictated by Defendant Jack's Produce's trucking schedule;

   c. Upon information and belief, Defendant Jack's Produce owned the equipment Plaintiffs and other packers and packagers used to pack and package produce; and

   d. Plaintiffs and other packers and packagers worked alongside employees of Defendant Jack's Produce.

76. At all times relevant to this action, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay overtime compensation due to Plaintiffs and other packers and packagers and failing to compensate Plaintiffs and other packers and packagers for all hours worked.

77. At all times relevant to this action, Defendants failed to maintain and preserve complete and accurate records of Plaintiffs' and other packers' and packagers' hours of work as required by the FLSA and AWPA.

78. At all times relevant to this action, Defendants' failure to maintain and preserve complete and accurate records of Plaintiffs' and other packers' and packagers' hours of work was intentional.

### V. CLASS ALLEGATIONS

79. Plaintiffs assert their AWPA and breach of contract claims as Class Actions pursuant to Federal Rule of Civil Procedure Rule 23(b)(3).

80. Plaintiffs bring their claims under AWPA on behalf of the "Rule 23 AWPA Class," which, pending any modifications necessitated by discovery, is defined as follows: "All seasonal workers who worked for A. Olivarez Harvesting, L.L.C., during the relevant statute of limitations, except those who were employed through the H-2A program."

81. Plaintiffs bring their contract claims on behalf of the "Rule 23 Contract Class," which, pending any modifications necessitated by discovery, is defined as follows: "All workers employed through the H-2A and/or H-2B programs and who worked for A. Olivarez Harvesting, L.L.C., during the relevant statute of limitations."

82. The members of each putative Rule 23 Class are so numerous that joinder of all potential class members is impracticable. Plaintiffs do not know the exact size of the class since that

information is within the control of Defendants. However, according to publicly available data from the U.S. Department of Labor, Defendants employed at least 40 individuals annually – and up to 80 in total – through the H-2A and H-2B temporary worker visa programs within the relevant statute of limitations, and employed at least 50 U.S. workers annually.

83. The claims of the named Plaintiffs are typical of the class, and these typical, common claims predominate over any questions affecting only individual class members. The named Plaintiffs, who worked as H-2B and/or H-2A workers for Defendants during the relevant time period, have the same interests as other class members and will vigorously prosecute these interests on behalf of the class.

84. All of the named Plaintiffs' and the potential Rule 23 Contract Class Members' claims arise from the same course of conduct by Defendants, and the relief sought is common.

85. Named Plaintiffs' Hector Jesus Rueda and Raul Rueda and and the potential Rule 23 AWPA Class Members' claims arise from the same course of conduct by Defendants, and the relief sought is common.

86. There are questions of fact and law common to each class. These common questions include but are not limited to:

    a.   whether Defendants failed to pay the named Plaintiffs and Rule 23 AWPA and Contract Class Members their statutory minimum, prevailing, and overtime wages, and their promised wages, in violation of their employment contracts and AWPA's wage payment and working arrangement provisions;

    b.   whether named Plaintiffs and Rule 23 AWPA and Contract Class Members are entitled to the restitution of their unpaid wages, statutory damages and/or declaratory and injunctive relief for these violations;

c. whether Defendants failed to maintain complete and accurate records of the named Plaintiffs' and Rule 23 AWPA Class Members' work hours and hourly wages, in violation of AWPA;

d. whether Defendants failed to provide to the named Plaintiffs and Rule 23 AWPA Class Members complete and accurate statements of their work hours, hourly wages, and other information that AWPA requires to be completely and accurately disclosed;

e. whether Defendants made false and misleading statements to the named Plaintiffs and Rule 23 AWPA Class Members about their work hours and hourly wages, in violation of AWPA; and

f. whether named Plaintiffs' and Rule 23 AWPA and Contract Class Members' payments for their visas, housing, and related expenses that they incurred in order to work for Defendants as temporary foreign workers were primarily for the benefit of Defendant employers.

87. Plaintiffs are represented by counsel experienced in litigation on behalf of low-wage workers and in class actions.

88. The prosecution of separate actions by the individual potential Rule 23 AWPA and Contract Class Members would create a risk of inconsistent or varying adjudications with respect to individual potential Rule 23 AWPA and Contract Class Members that would establish incompatible standards of conduct for Defendants.

89. Plaintiffs are unaware of any members of the putative Rule 23 AWPA or Contract Class who are interested in presenting their claims in a separate action.

90. Plaintiffs are unaware of any pending litigation commenced by members of the Rule 23 AWPA or Contract Class concerning the instant controversies.

91. This class action will not be difficult to manage due to the uniformity of claims among the Rule 23 AWPA and Contract Class Members and the susceptibility of the claims to class litigation and the use of representative testimony and representative documentary evidence.

92. The contours of both classes will be easily defined by reference to Defendants' records and government records.

## VI. CLAIMS FOR RELIEF

### COUNT 1: FAIR LABOR STANDARDS ACT
(Against All Defendants)

93. This count sets forth a claim for declaratory relief and damages for each Defendant's violations of the overtime provisions of the FLSA.

94. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly-situated current and former employees of Defendants.

95.  Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the "FLSA Class" as follows: "All workers who were employed as packers by A. Olivarez Harvesting, L.L.C., in Pearsall, Texas, during the relevant statute of limitations."

96. All potential FLSA Class Members are similarly situated because, among other things, they were all employees of these Defendants and, upon information and belief, all suffered from the same policies of these Defendants, including the failure to pay the overtime rate for all hours over 40 in a workweek as required under FLSA.

97. All potential FLSA Class Members worked primarily as manual laborers and were not exempt from the FLSA overtime protections.

98. Defendants did not pay potential FLSA Class Members based on their actual hours worked. Defendants failed to maintain complete and accurate records of the hours worked by and compensation paid to all potential FLSA Class Members as required by the FLSA.

99. Defendants made unreasonable, illegal deductions from the wages of all potential FLSA Class Members.

100. Defendants' failure to pay Plaintiffs and FLSA Class Members their federally mandated overtime wages was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

101. For these violations, Plaintiffs and all potential FLSA Class Members are entitled to recover their unpaid overtime wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

### COUNT 2: MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT
### (Against All Defendants)

102. From 2013 through 2016, Plaintiffs and Rule 23 AWPA Class Members were migrant agricultural workers within the meaning of 29 USC § 1802(8)(A) in that they were employed in agricultural employment of a temporary nature and were required to be absent overnight from their permanent places of residence.

103. From 2013 through 2016, Defendants were employers within the meaning of 29 U.S.C. § 1802(2).

104. From 2013 through 2016, Defendants employed Plaintiffs and other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

105. The certification applications described herein pursuant to the H-2B visa program constituted a working arrangement between Defendants and Plaintiffs and Rule 23 Class Members within the meaning of AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

106. Defendants failed to pay Plaintiffs and Rule 23 AWPA Class Members the required prevailing wage, failed to pay Plaintiffs and Rules 23 AWPA Class Members for all work they

performed, and failed to pay Plaintiffs and Rule 23 AWPA Class Members overtime wages for all compensable time they were employed in excess of 40 hours per week.

107. The violation of AWPA as set out herein resulted in part from Defendants' maintenance of incomplete, false and inaccurate records of the hours worked by Plaintiffs and Rule 23 AWPA Class Members.

108. By their actions as described herein, Defendants violated without justification their working arrangement with Plaintiffs and Rule 23 AWPA Class Members, thereby violating AWPA, 29 U.S.C. §1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

109. Defendants knowingly provided false and misleading information to Plaintiffs and Rule 23 AWPA Class Members, regarding the terms and conditions of their employment, in violation of AWPA, 29 U.S.C. § 1821(f), and its attendant regulations, 29 C.F.R. § 500.77.

110. Defendants failed to make, keep, and preserve accurate and complete records regarding Plaintiffs' and Rules 23 AWPA Class Members' employment, in violation of AWPA, 29 U.S.C. § 1821(d)(1), and its attendant regulations, 29 C.F.R. § 500.80(a).

111. Defendants failed to provide Plaintiffs and Rule 23 AWPA Class Members complete and accurate itemized written statements for each pay period containing the required information, in violation of AWPA, 29 U.S.C. § 1821(d)(2), and its attendant regulations, 29 C.F.R. § 500.80(d).

112. The violations of AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of Defendants and were intentional within the meaning of AWPA, 29 U.S.C. § 1854(c)(1).

113. As a result of Defendants' violations of AWPA and its attendant regulations as set forth in this count, Plaintiffs and Rules 23 AWPA Class Members have suffered damages including economic loss.

114. As a consequence of Defendants' intentional violations of AWPA and its attendant regulations as set forth in this count, Plaintiffs and Rule 23 AWPA Class Members are each entitled to recover their unpaid wages for each season at issue, plus actual or statutory damages of up to $500 per individual for each of the violations described above. 29 U.S.C. § 1854(c).

## COUNT 3: BREACH OF CONTRACT
### (Under Texas State Law)
### (Against Defendants A. Olivarez Harvesting, L.L.C, and Jack's Produce)

115. The DOL-approved temporary labor certifications for Plaintiffs' and Rule 23 Contract Class Members' H-2B visas (ETA Form 9142 or ETA Form 9142B), the accompanying attestations, and the applicable regulatory requirements were incorporated by law into the contracts between Defendants A. Olivarez Harvesting, L.L.C., and Jack's Produce on the one hand and Plaintiffs and Rule 23 Contract Class Members on the other, with enforceable terms and conditions of employment, including an enforceable guarantee of wages no less than the federal minimum and H-2B prevailing wages.

116. The job orders included in the applications for Plaintiffs' and Rule 23 Contract Class Members' H-2A visas served as a written contract between Defendants A. Olivarez Harvesting, L.L.C., and Jack's Produce on the one hand and Plaintiffs and Class Members on the other.

117. As set forth in the preceding paragraphs, Defendants A. Olivarez Harvesting, L.L.C., and Jack's Produce offered Plaintiffs and Rule 23 Contract Class Members jobs in the United States under certain terms and conditions set forth in the contracts between Defendant A. Olivarez Harvesting, L.L.C., on the one hand and Plaintiffs and Rules 23 Contract Class Members on the other

118. Plaintiffs and Rule 23 Contract Class Members satisfactorily performed all employment duties and responsibilities required of them under the employment contracts with Defendants A. Olivarez Harvesting, L.L.C., and Jack's Produce.

119. Defendants A. Olivarez Harvesting, L.L.C., and Jack's Produce breached the employment contracts with Plaintiffs and Rule 23 Class Members by failing to comply with the terms and conditions of the contracts for which Plaintiffs and Rule 23 Contract Class Members are entitled to relief pursuant to the common law of unjust enrichment, and pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a. Declare Defendant A. Olivarez Harvesting, L.L.C., in violation of each of the claims for relief set forth above;

b. Declare Defendant Augustin Olivarez in violation of the AWPA and FLSA claims for relief set forth above;

c. Declare Defendant Jack's Produce in violation of each of the claims for relief set forth above;

d. Certify Count 1 above to proceed as a collective action under 29 U.S.C. § 216(b), and authorize the appropriate notice of this suit, and the opportunity to opt into it, to be provided to all potential members of the FLSA Class;

e. Certify and maintain Count 2 above as a class action, with all named Plaintiffs as designated class representatives and with their counsel appointed as class counsel;

f. Certify and maintain Count 3 above as a class action, with named Plaintiffs Hector Jesus Rueda and Raul Rueda as designated class representatives and with their counsel appointed as class counsel;

g. Award damages to Plaintiffs and FLSA Class Members for Defendants' failure to pay overtime wages under the FLSA and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

h. Award damages to Plaintiffs and Rule 23 Contract Class Members pursuant to Plaintiffs' Breach of Contract claim;

i. Grant judgment in favor of Plaintiffs and Rule 23 AWPA Class Members and against Defendants, jointly and severally, on Plaintiffs' and Rule 23 AWPA Class Members' claims as set forth in Count 3 and awarding each Plaintiff and Rule 23 AWPA Class Member actual or statutory damages for each violation of AWPA, whichever is greater;

j. Permanently enjoin Defendants from further violations of AWPA and its attendant regulations;

k. Award Plaintiffs and Class Members the costs of this action;

l. Award Plaintiffs and Class Members reasonable attorney's fees;

m. Award Plaintiffs and Class Members Pre-Judgment and Post-Judgment interest; and

n. Grant such other relief as this Court deems just and proper.


Dated: December 21, 2018                    Respectfully submitted,

                                            EQUAL JUSTICE CENTER

                                            8301 Broadway Street, Suite 309
                                            San Antonio, Texas 78209
                                            Tel: (210) 308-6222
                                            Fax: (210) 308-6223

                                            /s/ Colleen Mulholland
                                            Colleen Mulholland
                                            Texas State Bar No. 24091765
                                            cmulholland@equaljusticecenter.org


*Plaintiffs' Original Complaint*                                            Page 22 of 23

510 S. Congress Ave., Ste 206
Austin, Texas 78704
Tel: (512) 474-0007
Fax : (512) 474-0008

Christopher J. Willett
Texas State Bar No. 24061895
cwillett@equaljusticecenter.org

Rebecca Eisenbrey
Texas State Bar No. 24097646
reisenbrey@equaljusticecenter.org

ATTORNEYS FOR PLAINTIFFS