IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HECTOR JESUS RUEDA, | § | |
| RAUL RUEDA, and | § | |
| JORGE ALBERTO CHAVEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:18-cv-1325-OLG |
| | § | |
| | § | |
| A.OLIVAREZ HARVESTING, L.L.C., | § | |
| AUGUSTIN OLIVAREZ, and | § | |
| FRIO COUNTY PARTNERS INC. | § | |
| d/b/a JACK'S PRODUCE | § | |

## **DEFENDANT FRIO COUNTY PARTNERS INC.'S MOTION TO DISMISS**

TO THE HONORABLE ORLANDO GARCIA
CHIEF UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Frio County Partners Inc. d/b/a Jack's Produce ("Jack's Produce") and moves to dismiss the First Amended Complaint ("Complaint") on the grounds that it fails to allege sufficient factual material to make it plausible that Plaintiffs had an employer/employee relationship with Jack's Produce under the Fair Labor Standards Act ("FLSA") or the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"). The Complaint fails to allege enough factual material to make it plausible that Plaintiffs and Jack's Produce were in privity on the contracts which Plaintiffs allege that Jack's Produce breached. For the purposes of this Motion, "The Olivarez Defendants" refers to Defendants Augustin Olivarez and A. Olivarez Harvesting, LLC, as the Complaint largely treats them interchangeably.

## **FACTUAL BACKGROUND**

The Complaint alleges that Jack's Produce violated the FLSA and AWPA by failing to pay Plaintiffs the agreed-upon or legally required rate, under-reporting Plaintiffs' hours actually worked, and taking improper deductions from Plaintiffs' pay. However, for Plaintiffs to hold

Jack's Produce liable under the FLSA or AWPA, Jack's Produce must have been Plaintiffs' "employer" as that term is defined in the statutes and their accompanying regulations. If anything, the Complaint suggests that the Olivarez Defendants were Plaintiffs' employer. The Olivarez Defendants served as a "farm labor contractor" for Jack's Produce pursuant to 29 U.S.C. § 1811 *et seq.*, recruiting laborers to pack vegetables for Jack's Produce in exchange for a fee from Jack's Produce. (Compl. ¶ 12.) As discussed below, the Complaint contains only conclusory allegations supporting the claim that Jack's Produce was Plaintiffs' employer.

## LEGAL STANDARD

A motion to dismiss is appropriate when a complaint fails to state a cause of action upon which relief can be granted. Fed R. Civ. P. 12(b)(6). Complaints are dismissed when they fail to assert a legal theory that is recognized by the law or to allege sufficient facts to support a cognizable legal theory. *See Smile Care Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court adopted the plausibility pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will no longer accept that a cause of action for relief to be granted is probable based on bald allegations; the allegations must reach a level that make the cause of action plausible. "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a Defendant has acted unlawfully . . . . Where a Complaint pleads facts that are 'merely consistent with' a Defendant's liability, it 'stops short of the line between possibility and

plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[L]abels and conclusions", "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" do not state a claim and are not assumed to be true. *Id.* (internal quotation marks and citations omitted).

## ARGUMENT

I. **Plaintiffs fail to raise a plausible claim that Jack's Produce was their "employer" under the FLSA**

Under the FLSA, "employees" may only sue "employers" for wage violations. *See* 29 U.S.C. § 216(b). An "employee" is a person whom an "employer" "employs." 29 U.S.C. § 203(e)(1). To employ "includes to suffer or permit to work." *Id.* § 203(g). These circular definitions are only the beginning of the analysis. The true test of employment (versus independent contractor) relationship under the FLSA is the "economic realities" test. *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983) (citations omitted). This test considers "whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (citations omitted); *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012) (citing *Watson* and other cases).

1. **Hire and fire.** Plaintiffs allege that Olivarez Harvesting hired the H-2A workers at issue. (Compl. ¶ 48.) Plaintiffs allege that the Olivarez Defendants made the decision whether to hire and fire a given employee and set each employee's pay. (Compl. ¶¶ 19, 76.) All of these allegations show that the Olivarez Defendants, not Jack's Produce, hired the Plaintiffs. Plaintiffs also allege that the "Defendants" hired the Plaintiffs and/or determined their pay (Compl. ¶¶ 51-53), but again, Plaintiffs provide no factual support for this allegation, as

contrasted with the detail they provide for the role of the Olivarez Defendants.   Generic allegations that "Defendants" did something do not satisfy the *Iqbal* standard.  *See Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*, 667 F.3d 669, 681 (6th Cir. 2011); *Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir. 2008); *Robbins v. State of Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008); and *Marcantonio v. Dudzinski*, 155 F.Supp.3d 619, 627 (W.D. Va. 2015) (citing *Bryson* and *Robbins*).   Plaintiffs never allege that Jack's Produce had the power to fire Plaintiffs.

   **2.    Supervise and control.**    Plaintiffs admit that the Olivarez Defendants "maintained employee records and established packers and packagers' wage rates and working conditions." (Compl. ¶¶ 21, 37.)  Plaintiffs also generally allege that Jack's Produce supervised their work (Compl. ¶ 73 (referring to ¶¶ 20 and 36)), but this allegation is conclusory.   The referenced paragraph 21[1] only states that Jack's Produce "had control over the manner and means of the packers and packagers' work."   The referenced paragraph 36 only states that "Defendants" failed to pay Plaintiffs properly, but this allegation begs the question by assuming that Jack's Produce (versus the Olivarez Defendants) had any obligation to pay Plaintiffs.   As discussed above, generic allegations that "Defendants" did something do not satisfy the *Iqbal* standard. The Complaint contains no non-conclusory factual allegations supporting the claim that Jack's Produce directed, controlled, or supervised Plaintiffs' work.

   **3.    Rate and method of payment.**    Plaintiffs admit that the Olivarez Defendants "established packers and packagers' wage rates and working conditions" (Compl. ¶¶ 21, 37) and do not allege that Jack's Produce did so.   The only related allegation is that Plaintiffs' work hours were "dictated by [Jack's Produce's] trucking schedule". (Compl. ¶¶ 21, 37.)

---

[1] The reference in Paragraph 73 to Paragraph 20 appears to be a typographical error.

4.      **Maintain employment records.**  Plaintiffs admit that the Olivarez Defendants "maintained employee records" (Compl. ¶¶ 21, 37) and do not allege that Jack's Produce did so.

The Complaint contains no non-conclusory factual allegations supporting the assertion that Jack's Produce "employed" Plaintiffs as that term is defined by the FLSA and elaborated on by the common law of the Fifth Circuit.  On the contrary, the factual allegations show that the Olivarez Defendants were Plaintiffs' employer under the FLSA.

## II.     Plaintiffs fail to raise a plausible claim that Jack's Produce was their "employer" under the AWPA

The AWPA uses the same definition of "employ" as the FLSA.  29 U.S.C. § 1802(5).  If this Court simply used the FLSA factors discussed above, Jack's Produce would not be Plaintiffs' employer under the AWPA, either, and this Court should keep that fact in mind. However, the Department of Labor's regulations interpreting the AWPA foresaw that questions would arise as to whether a farm labor contractor's employees were also employees of the agricultural employer.  29 C.F.R. § 500.20(h).  The DOL adopted the "economic realities" test from the FLSA for resolving these questions but specified additional factors relevant to the agricultural context.  *Id.*  Those non-exclusive factors are:

> (A) Whether the agricultural employer/association has the power, either alone or through control of the farm labor contractor to **direct, control, or supervise the worker(s) or the work performed** (such control may be either direct or indirect, taking into account the nature of the work performed and a reasonable degree of contract performance oversight and coordination with third parties);

> (B) Whether the agricultural employer/association has the power, either alone or in addition to another employer, directly or indirectly, **to hire or fire, modify the employment conditions, or determine the pay rates or the methods of wage** payment for the worker(s);

> (C) The **degree of permanency and duration of the relationship of the parties**, in the context of the agricultural activity at issue;

(D) The extent to which the services rendered by the worker(s) are **repetitive, rote tasks** requiring skills which are acquired with relatively little training;

(E) Whether the activities performed by the worker(s) are an **integral part of the overall business operation** of the agricultural employer/association;

(F) Whether the work is performed **on the agricultural employer/association's premises**, rather than on premises owned or controlled by another business entity; and

(G) Whether the agricultural employer/association undertakes **responsibilities** in relation to the worker(s) which are **commonly performed by employers**, such as preparing and/or making payroll records, preparing and/or issuing pay checks, paying FICA taxes, providing workers' compensation insurance, providing field sanitation facilities, housing or transportation, or providing tools and equipment or materials required for the job (taking into account the amount of the investment).

*Id.* § 500.20(h)(5) (emphasis added).  Factors A, B, and G are congruent with the four FLSA factors outlined in the *Donovan* case discussed above.  Because the AWPA incorporates the FLSA's definition of "employ," this Court should weight those factors the most heavily, and each of those factors favors a finding that Jack's Produce was not Plaintiffs' employer.  Factors C through F either support that same conclusion or are insufficient under *Iqbal* to establish Jack's Produce's status as an employer under the AWPA.

**A.     Direct, control, and supervise (*Donovan* factor 2).**  "Employer"-type control "arises when the alleged employer 'goes beyond general instructions, such as how many acres to pick in a given day, and begins to assign specific tasks, to assign specific workers, or to take an overly active role in the oversight of the work.'"  *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1209 (11th Cir. 2003) (quoting *Aimable v. Long & Scott Farms*, 20 F.3d 434, 441 (11th Cir. 1994)).  An "overly active role" arises when the company "decides such things as (1) for whom and how many employees to hire; (2) how to design the employees' management structure; (3) when work begins each day; (4) when the laborers shall start and stop their work

throughout the day; and (5) whether a laborer should be disciplined or retained." *Id.* at 1209-10 (citing *Charles v. Burton*, 169 F.3d 1322, 1329 (11th Cir. 1999)). Plaintiffs admit that the Olivarez Defendants "maintained employee records and established packers and packagers' wage rates and working conditions." (Compl. ¶¶ 21, 37.) Plaintiffs also generally allege that Jack's Produce supervised their work (Compl. ¶ 73 (referring to ¶¶ 20 and 36)), but this allegation is conclusory. Paragraph 21[2] only states that Jack's Produce "had control over the manner and means of the packers and packagers' work." Paragraph 36 only states that "Defendants" failed to pay Plaintiffs properly, but this allegation begs the question by assuming that Jack's Produce (versus the Olivarez Defendants) had any obligation to pay Plaintiffs. As discussed above, generic allegations that "Defendants" did something do not satisfy the *Iqbal* standard. The Complaint contains no non-conclusory factual allegations supporting the claim that Jack's Produce directed, controlled, or supervised Plaintiffs' work.

**B.    Hire, fire, and pay (*Donovan* factors 1 and 3).**    Plaintiffs allege that the Olivarez Defendants were responsible for the administrative requirements for hiring guestworkers. (Compl. ¶¶ 25-27.) Plaintiffs allege that Olivarez Harvesting hired the H-2A workers at issue. (Compl. ¶ 48.) Plaintiffs allege that the Olivarez Defendants made the decision whether to hire and fire a given employee and set each employee's pay. (Compl. ¶¶ 19, 76.) All of these allegations show that the Olivarez Defendants, not Jack's Produce, hired the Plaintiffs. Plaintiffs also allege that the "Defendants" hired the Plaintiffs and/or determined their pay (Compl. ¶¶ 51-53), but again, Plaintiffs provide no factual support for this allegation, as contrasted with the detail they provide for the role of the Olivarez Defendants. As discussed above, generic allegations that "Defendants" did something do not satisfy the *Iqbal* standard. Plaintiffs never allege that Jack's Produce had the power to fire Plaintiffs.

---

[2] The reference in Paragraph 73 to Paragraph 20 appears to be a typographical error.

**C.** **Permanency and duration.** Plaintiff Hector Rueda worked for the Olivarez Defendants from 2013 through 2017. (Compl. ¶¶ 29, 51.) Plaintiff Raul Rueda worked for the Olivarez Defendants from 2014 through 2017. (Compl. ¶¶ 30, 52.) Plaintiff Chavez worked for the Olivarez Defendants in 2017 only. (Compl. ¶ 53.) The Complaint does not allege whether the Plaintiffs worked every day of the week at Jack's Produce or at other facilities as well, or the number of days total in each year that Plaintiffs worked at Jack's Produce versus other facilities, or the number of other facilities where Plaintiffs worked for the Olivarez Defendants.

**D.** **Nature of task.** Plaintiffs do not allege facts sufficient to show how repetitive their job duties were or how much training was required in order to learn how to perform them.

**E.** **Integral part.** A task is "integral" to the business if the business "would be virtually certain to assure that the function is performed, and would obtain the services of whatever workers are needed for this function." *Martinez-Mendoza*, 340 F.3d at 1213 (quoting AWPA final rule at 62 Fed. Reg. 11,734, 11,741 (March 12, 1997)). Jack's Produce will assume, for the purposes of this motion, that Plaintiffs' work was integral to its business.

**F.** **Premises.** Plaintiffs worked in a facility operated by Jack's Produce.

**G.** **Employer functions (*Donovan* factor 4).** Plaintiffs allege no facts tending to show that Jack's Produce had any role in "preparing and/or making payroll records, preparing and/or issuing pay checks, paying FICA taxes, providing workers' compensation insurance, providing field sanitation facilities, housing or transportation." All of the specific allegations in the Complaint relating to these functions address the Olivarez Defendants.

Plaintiffs allege extensive facts regarding the employment relationship between Plaintiffs and Olivarez Defendants. As to factors A, B, and G, all of the factual allegations indicate that the Olivarez Defendants, not Jack's Produce, were Plaintiffs' employers. By contrast, their

allegations regarding Jack's Produce are conclusory other than stating that Jack's Produce operated the facility where they worked, put its labels on the produce they packed, and used their labor only when their business required it. But this would be true of any agricultural employer who used a farm labor contractor to buttress its workforce, and, as Section 500.20 makes clear, not every farm labor contractor's employee is also the agricultural employer's employee. These facts are "merely consistent with" an employer relationship but equally consistent with the absence of such a relationship, and such allegations do not rise to plausibility under the *Iqbal/Twombly* analysis. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## III.     Plaintiffs fail to raise a plausible claim of privity of contract with Jack's Produce

Under Texas law, "[p]rivity of contract [is] a necessary predicate to suit on a contract…" *Interstate Contr. Corp. v. City of Dallas*, 135 S.W.3d 605, 607 (Tex. 2004); *Conway v. Saudi Arabian Oil Co.*, 867 F. Supp. 539, 542 (S.D. Tex. 1994). "[P]rivity must exist between the party damaged and the party sought to be held liable." *Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734, 739-40 (N.D. Tex. 2014). In this context, "privity" simply means that the plaintiff and the defendant were both parties to the contract sought to be enforced. *See Rudolph v. ABC Pest Control, Inc.*, 763 S.W.2d 930, 933-34 (Tex. App.—San Antonio 1989, writ denied).

Plaintiffs do not allege facts sufficient to show that it is plausible that privity of contract existed between Plaintiffs and Jack's Produce. The non-conclusory factual allegations in the Complaint show that Olivarez sponsored Plaintiffs' visas. (Compl. ¶¶ 22, 25-27, 48, 49.) Plaintiffs expressly state that it was Olivarez who petitioned the Department of Homeland Security to import foreign workers on H-2B visas (¶ 22); that it was Olivarez who filed the labor certification applications (¶ 26); and that once DHS approved the applications, it was Olivarez who hired the workers under the H-2A & H-2B visa programs (¶¶ 27, 48). Plaintiffs admit that

the actual employment contracts were with the Olivarez Defendants, not Jack's Produce. (Compl. ¶ 125.) Despite all of these allegations, Plaintiffs also allege that the labor certification applications and visa conditions, which Olivarez applied for, served as written contracts between Plaintiffs *and Jack's Produce*. (Compl. ¶ 124). This assertion is merely conclusory. Plaintiffs have failed to allege facts sufficient to show a plausible claim to privity with Jack's Produce.

## CONCLUSION

This Court should grant Jack's Produce's Motion to Dismiss without prejudice and order that Plaintiffs amend their Complaint within 21 days to include factual allegations, not conclusory assertions, raising a plausible claim that Jack's Produce was Plaintiff's Employer under the FLSA and AWPA and that Plaintiffs had privity of contract with Jack's Produce on the contracts they seek to enforce.

Respectfully submitted,

GOODE CASSEB JONES
RIKLIN CHOATE & WATSON, P.C.
2122 N. Main Avenue
San Antonio, Texas 78212
(210) 733-6030
(210) 733-0330 – Fax
By:    */s/ Kyle C. Watson*
       Kyle C. Watson
       Texas State Bar No. 20971100
       watson@goodelaw.com
       Lee Warren
       Texas State Bar No. 24099453
       warren@goodelaw.com

*Counsel for Defendant*
*Frio County Partners Inc.*
*d/b/a Jack's Produce*

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing via the CM/ECF system on the following on the 10th day of April, 2019:

Colleen Mulholland
EQUAL JUSTICE CENTER
8301 Broadway Street, Suite 309
San Antonio, Texas 78209
Tel: (210) 308-6222
Fax: (210) 308-6223
cmulholland@equaljusticecenter.org
*Counsel for Plaintiffs*

Christopher J. Willett
Rebecca Eisenbrey
EQUAL JUSTICE CENTER
510 S. Congress Avenue, Suite 206
Austin, Texas 78704
Tel: (512) 474-0007
Fax: (512) 474-0008
cwillett@equaljusticecenter.org
reisenbrey@equaljusticecenter.org
*Counsel for Plaintiffs*

Gerrit Schulze
SHUMWAY VAN
310 South St. Mary's Street, Suite 2100
San Antonio, Texas 78205
Tel: (210) 503-2800
Fax: (210) 503-2888
gerrit@shumwayvan.com
*Counsel for Defendants*
*A. Olivarez Harvesting, L.L.C.*
*and Augustin Olivarez*

*/s/ Kyle C. Watson*
Kyle C. Watson